UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID KARL LONN,<br><br>                    Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH, DR. APRIL DAWSON, DR. DAVID AGLER, and DR. KLINT STANDER,<br><br>                    Defendants. | Case No. 1:14-cv-00031-EJL-CWD<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Several motions are pending before the Court in this prisoner civil rights action. Having reviewed the record and the parties' briefing, the Court issues the following Report, recommending that Defendant Dawson's Motion to Dismiss (Dkt. 14) be denied; Dr. Klint Stander's Motion for Partial Dismissal or Summary Judgment (Dkt. 30) be conditionally granted; and Plaintiff's Motion for Leave of Court to Amend Pleadings and for Review of Amended Pleadings be granted (Dkt. 32), to the extent that Plaintiff be required to file a Second Amended Complaint.[1] Defendants' Motion for Extension of time to File Response/Reply (Dkt. 36) will be granted.

---

[1]        While a motion to amend may be considered a nondispositive motion within the jurisdiction of a United States Magistrate Judge to determine, the Court will prepare a recommendation to the district court on the pending motion to amend, because the motion is an attempt to cure the deficiencies identified in the pending Motions to Dismiss.

**ORDER AND REPORT AND RECOMMENDATION - 1**

## REPORT ON DEFENDANTS' MOTIONS TO DISMISS
## AND PLAINTIFF'S MOTION TO AMEND PLEADINGS

### 1. Standard of Law

Motions brought under Federal Rule of Civil Procedure Rule 12 are designed to test the pleadings, generally without reference to exhibits or evidence beyond the pleadings. Summary dismissal works slightly different when the plaintiff is a pro se prisoner, because the Prison Litigation Reform Act (PLRA)[2] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915, 1915A. The Court uses a liberal construction standard in the screening process.

The critical inquiry for a 12(b)(6) motion or a screening analysis is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989).[3] Defendants must convincingly argue that, under a liberal construction of the pleadings, there is a lack of any cognizable legal theory, or there is a failure to plead sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[4] To survive

---

[2]     Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

[3]     The 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss such claims sua sponte and prior to service of process, as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

[4]     *Balistreri* was overruled on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed a more plaintiff-friendly rule that, "[a] complaint should not be dismissed under Rule 12(b) (6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 901 F.2d at 699 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

**ORDER AND REPORT AND RECOMMENDATION - 2**

summary dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether to summarily dismiss claims on its own motion or by motion of the defendants, the Court takes into consideration that, in any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during screening or after a motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp*., 284 F.3d 1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment after an adverse ruling, and in the normal course district courts should freely grant leave to amend when a viable case may be presented."); *see also Lopez v. Smith*, 203 F.3d 1122, 1128-30 (9th Cir. 2000) (A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment, because, while Congress's intent in requiring screening is "to curb meritless lawsuits," meritorious lawsuits should not be "swept away in the process.").

Where a party submits evidence beyond the pleadings, the Court may (1) consider it as a supplement to the Complaint under its 28 U.S.C. § 1915 screening authority to determine whether Plaintiff has stated or could state a claim; or (2) convert a Rule 12 motion into a Rule 56 motion for summary judgment, after giving the parties notice and an opportunity to respond before making a ruling on the motion. Fed. R. Civ. P. 12(d). Full or limited discovery also may be warranted. Under Rule 56, where assertions of fact

**ORDER AND REPORT AND RECOMMENDATION - 3**

or objections to another party's assertion of facts are not properly supported or addressed, the Court may bring the deficiency to the attention of the parties and give them an opportunity to supplement their briefing and evidence, or may issue any other appropriate order. Fed. R. Civ. P. 56(e)(1).

### 2. Background and Timeliness Issue

Defendant Dr. April Dawson and Dr. Klint Stander initially argued that, because Plaintiff failed to complete the state law prelitigation screening panel procedure before filing his lawsuit, Plaintiff's medical malpractice and negligence claims should be dismissed. Pursuant to Idaho Code § 6-1001, Plaintiff is required to participate in a prelitigation screening hearing before an Idaho State Board of Medicine panel. The purpose of the panel is to review the plaintiff's evidence and provide the panel's comments and observations regarding the merits of the medical malpractice claim. *James v. Buck*, 727 P.2d 1136, 1137 (1986). The proceedings are "informal and non-binding, but nonetheless compulsory as a condition precedent to litigation." I.C. § 6-1001. "While a malpractice claim is "pending" before a prelitigation panel, and for thirty days after it renders its decision, the applicable statute of limitations is tolled." *Id.* at 1137 (citing I.C. § 6-1005).

In their Motions, Defendants acknowledged that "the Idaho Supreme Court has held that a plaintiff need not file a [prelitigation screening] complaint prior to filing a civil complaint," *Moss v. Bjornson*, 765 P.2d 676, 678 (1988),[5] but urged this Court to

---

[5]    *Moss v. Bjornson* held that Idaho Code § 6-1001 does not mandate the dismissal of a medical malpractice lawsuit because it is filed before the commencement of the prelitigation screening proceedings. 765 P.2d at 678.

**ORDER AND REPORT AND RECOMMENDATION - 4**

disregard that case and dismiss Plaintiff's case. In their Response to Plaintiff's Motion to Amend, Defendants further argue that Plaintiff's proposed amended complaint is insufficient to state a medical malpractice or negligence claim.

In response, Plaintiff (1) requested that the Court permit him to amend his Complaint to state medical malpractice and negligence claims against Defendants, and (2) provided documentation showing that he had submitted a prelitigation screening process application. (Dkt. 32-4, pp. 6-17.) However, he provided no opinion from the Idaho Board of Medicine. After researching the disposition of Plaintiff's application, Defendants state that the Board of Medicine denied Plaintiff's request for prelitigation screening without holding a hearing because the Board found that Plaintiff's allegations against the doctors were untimely and barred by the statute of limitations. (Dkt. 39.) Defendants argue that the state law claims should be dismissed, as a result of untimeliness and technical deficiencies in the original and proposed amended complaint.

In Idaho, accrual of a claim for personal injuries is governed by the following rules:

> An action to recover damages for [personal injury or] "professional malpractice" must be commenced within two years after the cause of action has accrued. Idaho Code §§ 5-201 & 5-219 (1998). Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently and knowingly concealed, the cause of action . . . accrues "as of the time of the occurrence, act or omission complained of," Idaho Code § 5-219 (1998), although there must also be some damage for the cause of action to accrue. *Griggs v. Nash*, 116 Idaho 228, 775 P.2d 120 (1989). The limitation period is not extended by reason of any continuing consequences or damages resulting from the malpractice or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer. Idaho Code § 5-219 (1998).

**ORDER AND REPORT AND RECOMMENDATION - 5**

*Lapham v. Stewart*, 51 P.3d 396, 399-400 (Idaho 2002).

### 3.  Discussion

In the proposed amend complaint, Plaintiff clarifies his allegations of wrongdoing against the doctors, based on the following time periods: (1) Dr. Dawson's treatment rendered in April 2012, and from 2008 through 2014; (2) Dr. Agler's treatment rendered in November 2012 and January 2014; and (3) Dr. Stander's treatment of him in 2009. Clearly, some of these allegations fall outside the two-year statute of limitations period, given that the original Complaint was filed on February 3, 2014 (mailbox rule date).

Plaintiff mailed his prelitigation screening application to the Idaho Board of Medicine on or about December 6, 2013. The Board construed Plaintiff's application as complaining of the following: Dr. Dawson's acts or omissions from mid-2010; of Dr. Agler's acts or omissions from September of 2012; and of Dr. Stander's acts or omissions prior to August 20, 2009. The Board also noted that Plaintiff generally complained that for "five (5) years his serious medical condition has been inadequately addressed" (Dkt. 39-1, pp. 4-5), which would cover the time period from about 2008 to 2013.

The December 12, 2013, response from Alissa Murphy, an "Administrative Assistant 2," on behalf of the Board, informed Plaintiff that, because he had complained that the acts had been occurring for five years, his application was beyond the statute of limitations time period, and his application could not be granted. (*Id*.) The response did not take into consideration the fact that two of the five years were within the statute of limitations period, as was the specific allegation against Dr. Agler from September 2012.

**ORDER AND REPORT AND RECOMMENDATION - 6**

The response also did not mention that Plaintiff's application also referenced Dr. Dawson's acts after September 2012, which were within the statute of limitations period. (Dkt. 32-4, p. 4.)

Because, for purposes of bringing a state law claim, Plaintiff properly complained to the Idaho State Board of Medicine of alleged medical malpractice or negligent acts of Dr. Dawson and Dr. Agler that occurred between September 2012 and December 6, 2013, the Court will recommend that Plaintiff's efforts to have completed the statutory prelitigation screening process be deemed sufficient and allow him to proceed on corresponding state law medical malpractice and negligence claims against Dr. Dawson and Dr. Agler. However, Plaintiff's claims in his proposed amended complaint that Dr. Stander treated him wrongfully in 2009 are untimely (the original complaint alleged that Dr. Stander treated him from 2009-2014). Therefore, the Court will recommend that all state and federal claims against Dr. Stander be dismissed with prejudice, unless Plaintiff can show that equitable tolling or equitable estoppel should be applied to render them timely.[6]

In addition, if Plaintiff is complaining of later acts of Dr. Dawson and Dr. Agler that occurred between December 6, 2013, and the date Plaintiff filed his original

---

[6]    The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230. Early filing of a case pending resolution of a previous case will not necessarily result in dismissal in Idaho, but rather a stay or injunction is available to preserve one's rights. *Wilhelm v. Frampton*, 158 P.3d at 312. The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

**ORDER AND REPORT AND RECOMMENDATION - 7**

complaint, February 3, 2014, he should be required to submit a new application to the Idaho State Board of Medicine to complete the prelitigation screening process for those claims.[7] According to Idaho law, Plaintiff's case need not be dismissed in the interim, but may be stayed or may proceed simultaneously on his civil rights actions.

The Court also recommends that Plaintiff be given leave to file a second amended complaint that specifically includes his state law causes of action, medical malpractice and/or negligence. The elements of a medical malpractice claim are set forth in § 6-1012 of the Idaho Code:

> In any case, claim or action for damages due to injury to or death of any person, brought against any physician and surgeon or other provider of health care . . . such claimant or plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided . . . .

Idaho Code § 6-1012.

The elements of a negligence action are the following: '(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage.'" *Jones v. Starnes*, 245 P.3d 1009, 1012 (Idaho 2011) (quoting *Hansen v. City of Pocatello*, 184 P.3d 206, 208 (Idaho 2008)). After Plaintiff sets forth his civil rights causes of action in the second amended complaint, he should set

---

[7]     Calculation of the statute of limitations generally is based upon discrete acts, rather than a long chain of similar events; therefore Plaintiff should identify specific dates within the statute of limitations period where Defendants refused to treat his condition or treated it inadequately. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("discrete acts that fall within the statutory time period do not make timely [other] acts that fall outside the time period."). *Id*. at 111-12.

**ORDER AND REPORT AND RECOMMENDATION - 8**

forth his state law claims as additional causes of action, with a request that the Court exercise its supplemental jurisdiction authority over the claims.

Looking ahead to the next stage of litigation, Plaintiff should be aware that Idaho Code § 6-1012 requires that, in a medical malpractice case, a plaintiff must prove that the defendant physician negligently failed to meet the applicable standard of health care practice of the community in which the health care was, or should have been, provided. The statute also provides that the defendant physician "shall be judged . . . in comparison with similarly trained and qualified [physicians] . . . in the same community, taking into account his or her training, experience and fields of medical specialization, if any." I.C. § 6-1012.

Idaho Code § 6-1013 provides that the applicable standard of practice and the failure of the defendant physician to meet this standard must be established by plaintiff providing "one (1) or more knowledgeable, competent expert witnesses." This expert testimony may be admitted in evidence only if a foundation is first laid establishing (a) that the "opinion is actually held by the expert witness", (b) that the "opinion can be testified to with reasonable medical certainty", and (c) that the "expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable community standard to which the testimony of the witness is addressed." I.C. § 6-1013.

Therefore, for his state law claims, Plaintiff will have to provide expert testimony that Defendants breached the applicable standard of healthcare practice. Such testimony may be helpful to, but is not a requirement for, §1983 causes of action.

**ORDER AND REPORT AND RECOMMENDATION - 9**

## ORDER

**IT IS ORDERED:**

1.      Defendants' Motion for Extension of Time to File Reply (Dkt. 36) is

GRANTED, as to the Reply filed at Docket 30.

## RECOMMENDATION

**IT IS RECOMMENDED:**

1. Plaintiff's Motion for Leave to Amend (Dkt. 32) be GRANTED to the extent that

Plaintiff be provided with an opportunity to file a second amended complaint to

correct his allegations of medical malpractice and negligence. Plaintiff is advised

that the second amended complaint must be comprehensive and intended to

replace all of his previous pleadings in full.

2. Dr. Klint Stander's Motion to Dismiss (Dkt. 30) be CONDITITIONALLY

GRANTED, to the extent that Plaintiff's claims arising from 2009 asserted in the

proposed amended complaint are untimely. Should Plaintiff not be able to provide

allegations in a second amended complaint that Dr. Stander treated him within two

years before the filing date of the pre-litigation screening application or that

equitable tolling or equitable estoppel should be applied to render the claims

timely, Plaintiff should omit Dr. Stander as a defendant. Should Plaintiff include

Dr. Stander in a second amended complaint and fail to include sufficient

allegations showing that the claims were timely filed, the Court should issue a

screening order dismissing such claims with prejudice.

3. Dr. Dawson's Motion to Dismiss (Dkt. 14) be DENIED, but that Plaintiff be

warned that only those claims against Dr. Dawson that are within the statute of limitations period may be pursued in the second amended complaint, absent a showing of equitable tolling or equitable estoppel.

4. Written objections to this Report and Recommendation must be filed within 14 days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 26, 2015

Honorable Candy W. Dale
United States Magistrate Judge