UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID KARL LONN,<br><br>               Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH, DR. APRIL DAWSON, DR. DAVID AGLER, and DR. KLINT STANDER,<br><br>               Defendants. | Case No. 1:14-cv-00031-EJL-CWD<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

      Several motions are pending before the Court in this prisoner civil rights action. Having reviewed the record and the parties' briefing, the Court concludes that oral argument is unnecessary and issues the following Report and Recommendation, recommending that Defendant David Agler's Motion to Dismiss (Dkt. 47) be denied, and enters the following Order granting Plaintiff's Motions for Extension of Time. (Dkts. 50, 58.)

**REPORT ON DEFENDANTS' MOTIONS TO DISMISS**

**1. Introduction**

      In the Motion to Dismiss (Dkt. 47) filed on August 6, 2015, Defendant Dr. David Agler seeks dismissal without prejudice of Plaintiff's claims against him for two reasons. Dr. Agler argues that, when he was served on July 16, 2015, the time period for service

**ORDER AND REPORT AND RECOMMENDATION - 1**

specified by the Court had already expired, contrary to Federal Rule of Civil Procedure 4(m). Dr. Agler also argues that, when he finally was served, he did not receive a copy of the original Complaint screened by the Court, but instead received an unscreened pleading entitled, "Amended Complaint," that had been filed as an attachment to a Motion to Amend, contrary to Federal Rule of Civil Procedure 4(c).

2.  **General Standard of Law**

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to raise insufficient service of process as a defense to the suit. A successful Rule 12(b)(4) motion results in dismissal of a complaint without prejudice.

The plaintiff in this action is a pro se prisoner. The federal courts afford pro se litigants liberal treatment in asserting their claims, especially with regard to formal requirements. *See Lim v. INS*, 224 F.3d 929, 934 (9th Cir. 2000) (recognizing that courts frequently refuse to dismiss pro se appeals for formal defects where the opposing party suffers no prejudice); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 698-99 (9th Cir. 1988). The Ninth Circuit has recognized that "it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Id.* at 699.

3.  **Discussion of Rule 4(m), Untimeliness**

At the time in question, Federal Rule of Civil Procedure 4(m) provided:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

**ORDER AND REPORT AND RECOMMENDATION - 2**

within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Rules Committee stated in the commentary that subsection (m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4 cmt. (1993). Further, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action or if the defendant is evading service." *Id*.

During the time period at issue, Plaintiff was an inmate held in the custody of the Idaho Department of Correction (IDOC), where he received medical treatment from all Defendants for a degenerative hip joint condition. Plaintiff filed a prelitigation screening application with the Idaho Board of Medicine on or about December 6, 2013, complaining that Defendants, including Dr. Agler, provided negligent and deliberately indifferent medical treatment for Plaintiff's hip condition. (Dkt. 44.) The Board denied Plaintiff's application dated December 12, 2013, and he filed his complaint in this action on February 3, 2014 (mailbox rule date). When the Court issued its Initial Review Order on June 19, 2014, the original 150-day service of process period began. (Dkt. 44, pg. 6.)

On December 18, 2014, Plaintiff advised the Court that the firm of Elam & Burke would not accept service on behalf of Dr. Agler. Plaintiff asked service to be made via the United States Marshal Office. (Dkt. 11.) On April 4, 2015, Plaintiff filed a Motion for Leave to Amend his initial complaint, which was granted by the Court on September 2,

**ORDER AND REPORT AND RECOMMENDATION - 3**

2015. On April 21, 2105, the Court informed Plaintiff that, because he was not proceeding in forma pauperis, he was not entitled to service via the United States Marshals Service; the Court provided Plaintiff with a publicly-listed Boise business address for Dr. Agler and granted an extension of 60 days to complete service of process upon Dr. Agler (Dkt. 34.)

Plaintiff also alleges another prisoner, Sam Ferrell, served Dr. Agler, as well as personally advised Dr. Agler of the pending litigation, sometime after the expiration of the original tolling period but prior to the Plaintiff's surgery scheduled for February of 2015 (Dkt. 52, pg. 10); however, no waiver from Dr. Agler was received by the Court and no proof of service was filed.

Plaintiff states that the Ada County Sheriff's Office was able to arrange for service to take place at the Idaho State Correctional Center on July 8, 2015. (Dkt. 52, pg. 10.) At the time of the filing of Dr. Agler's motion, no return of service had been filed with the Court; however, both Plaintiff and Dr. Agler agree actual service occurred on July 16, 2015, though Dr. Agler argues it was ineffective service. (Dkt. 52, pg. 10, Dkt. 47, pg. 3.) On January 14, 2016, Plaintiff filed Proof of Service indicating Dr. Agler was served on July 16, 2015. (Dkt. 59.).

Dr. Agler argues that Plaintiff has not been diligent in pursuing service of process, and that Plaintiff exaggerates the facts to support his position that he was diligently pursuing service. However, an extension of time under 4(m) can be granted even without a showing of good cause. The Court finds that Plaintiff's status as a pro se prisoner and

**ORDER AND REPORT AND RECOMMENDATION - 4**

the prejudice he would suffer because of statute of limitation issues if his case was dismissed without prejudice at this time weigh in favor of denying the Motion to Dismiss.

The record shows that Plaintiff exercised some amount of diligence in trying to serve Dr. Agler. When sued in prisoner lawsuits, Dr. Agler is regularly represented by the law firm Elam & Burke. That firm was on notice that Plaintiff had filed a lawsuit against Dr. Agler and that Plaintiff was permitted to proceed against Dr. Agler on or about June 19, 2014, when the Court issued its Initial Review Order. (Dkt. 7.) Elam & Burke advised Plaintiff via a letter dated September 25, 2014 that it was representing only Defendant Dr. April Dawson. (Dkt. 53-1.)

In addition to the Clerk of Court sending a request for waiver of service to Elam & Burke, Dr. Agler was on notice that Plaintiff had filed a prelitigation screening application to the Idaho Board of Medicine on or about December 6, 2013. (Dkt. 39-1.)

Plaintiff has sought several extensions of time and has attempted to serve Dr. Agler by following up on the request to waive service with Dr. Agler's former counsel; by sending another set of documents with a waiver of service directly to Dr. Agler at his Emerald Street business address provided by the Court; by providing Dr. Agler with a copy of the waiver form and complaint by personal delivery at the prison via Inmate Sam Ferrell, who is not an interested party in the suit; by personally informing Dr. Agler of the lawsuit and asking him for information regarding his employer; by requesting the aid of the US Marshals Service; and finally succeeding by using Ada County private process server at Dr. Agler's place of employment at the prison. Also contributing to the delay are the time periods the motions regarding service of process were pending before the

**ORDER AND REPORT AND RECOMMENDATION - 5**

Court. The foregoing factors overshadow several other unpersuasive personal excuses in Plaintiff's briefing.

Dr. Agler states that he has been prejudiced by the amount of time that has passed since the inception of this lawsuit, but the Court finds that he and his counsel have had constructive notice of the subject matter of the lawsuit for an extensive period of time, and that Dr. Agler has provided no facts demonstrating prejudice. It is very difficult for pro se litigants to pursue a civil rights claim, and even more difficult when they are incarcerated. The Court concludes that the factors set forth above constitute good cause for the late service on Dr. Agler.

**4. Discussion of Rule 4(c) Deficiency**

Rule 4(c) provides that "[a] summons must be served with a copy of the complaint." The summons issued in this case is the Court's official notice of a complaint that has been filed with the Court. (Dkt. 8.) The summons also notifies the defendant that, if he fails to respond, a default judgment will be entered against him "for the relief demanded in the complaint." (*Id.*)

Plaintiff sought leave to file an amended complaint on April 13, 2015, at which time he filed a proposed amended complaint. On September 2, 2015, the Court approved the filing of an amendment, but because Plaintiff desired to pursue state-law claims that were not clearly included in the amended complaint, the Court provided Plaintiff with an opportunity to file a second amended complaint. As a result, the Court did not order that

the proposed amended complaint, filed as an attachment to the Motion to Amend, be given a separate docket number and recognized as the operative pleading in the case.

Plaintiff later decided not to file a second amended complaint and eventually served Dr. Agler with a copy of the amended complaint that was filed with the Court as an attachment to the Motion to Amend. The Court is not willing to deem the service "ineffective," because the amended complaint *was* filed with the Court and screened, and Plaintiff, a pro se litigant, obviously was confused as to the status of the amended complaint in the absence of a second amended complaint. That the amended complaint did not contain sufficient allegations to permit Plaintiff to proceed on his state law claims does not diminish the adequacy of the federal claims in that pleading. However, Plaintiff's choice to forgo another amendment means that he cannot proceed on any state law claims in the amended complaint.

## 5. Conclusion

The Court concludes that Dr. Agler's arguments that service of process was untimely and deficient are unpersuasive; that Dr. Agler was provided adequate notice of the pending litigation; and that Dr. Agler has provided no facts demonstrating prejudice. Given his status as a pro se prisoner, Plaintiff has demonstrated a good faith effort to serve Dr. Agler. Finally, the prejudice Plaintiff would suffer because of statute of limitation issues if his case was dismissed without prejudice at this time weigh in favor of denying the Motion to Dismiss, even in the absence of a good faith effort.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to Respond to Dr. Agler's Motion to Dismiss (Dkt. 50) is GRANTED.

2. Plaintiff's Motion for Extension of Time to File a Response to Dr. Dawson's Motion for Summary Judgment (Dkt. 58) is GRANTED. Plaintiff's response shall be due on or before March 4, 2016.

# RECOMMENDATION

**IT IS RECOMMENDED:**

1. Dr. Agler's Motion to Dismiss (Dkt. 47) be DENIED.

2. The Clerk of Court be ordered to file the Proposed Amended Complaint (Dkt. 32-1) as the operative pleading under its own docket number.

3. Dr. Agler be granted a time period of 30 days in which to file a response to the Amended Complaint.

# NOTICE

Written objections to this Report and Recommendation must be filed within 14 days, pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 5, 2016



Honorable Candy W. Dale
United States Magistrate Judge

**ORDER AND REPORT AND RECOMMENDATION - 9**