UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID KARL LONN,

        Plaintiff,

v.

CORIZON HEALTH, DR. APRIL DAWSON, DR. DAVID AGLER, and DR. KLINT STANDER,

        Defendants.

Case No. 1:14-CV-00031-EJL

**ORDER ON REPORT AND RECOMMENDATION**

## INTRODUCTION

On May 24, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") recommending that Defendants Dr. Klint Stander and Dr. April Dawson's Motion for Summary Judgment be granted. (Dkt. 72.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No written objections have been filed and the time for doing so has passed. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the

> district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found.

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 72.) Plaintiff David Lonn ("Plaintiff") initiated this action on February 3, 2014[1] by filing his Complaint against Corizon Health, Dr. April Dawson, Dr. David Agler,

---

[1] As the Report notes, the docket in this case indicates Plaintiff's complaint was filed on February 6, 2014. However, this Court adopted a later report and recommendation, which applied the mailbox rule and deemed the Complaint filed on February 3, 2014. (Dkt. 44, p. 6.)

and Dr. Klint Stander. Plaintiff alleges state law claims of negligence against the Defendants, as well as violations of the Eighth Amendment to the United States Constitution based upon deliberate indifference to his serious medical needs. (Dkt. 3.) The claims relate to Plaintiff's allegations that Defendants' conservative treatment plans caused him to suffer from prolonged pain in his right hip. *Id.* Plaintiff supports his claim by asserting that a prior hip replacement alleviated pain in his other hip. (Dkt. 66, p. 4.) The subject of the Report is the Motion for Summary Judgment that Defendants Stander and Dawson filed on December 17, 2015. (Dkt. 55.)

The Report recommends granting the Motion for Summary Judgment, effectively dismissing Plaintiff's claims against Dr. Stander and Dr. Dawson. Significantly, this Court adopted a previous report and recommendation noting that all conduct complained of against Dr. Stander and Dr. Dawson occurring prior to February 3, 2012, would be barred by the statute of limitations. (Dkt. 44.) The Court subsequently permitted Plaintiff to amend his pleadings to show equitable tolling or equitable estoppel should be applied to render his complaints timely. (Dkt. 49, p. 3.) Plaintiff has made no such showing. The only exception is Plaintiff's mention of his visit with Dr. Dawson in May of 2012. The Report notes this visit, but correctly concludes that Plaintiff has not produced evidence to show

Dr. Dawson was deliberately indifferent to a serious medical need of Plaintiff at that time. (Dkt. 72, p. 19.)

This Court has reviewed the original briefing of the parties, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report that Defendants' Motion for Summary Judgment should be granted. (Dkt. 72.) Moreover, the Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, and analysis. For these reasons and those stated in the Report, the Court will adopt the Report and grant the Defendants' Motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on May 24, 2016 (Dkt. 72) is **ADOPTED IN ITS ENTIRETY** as follows:

1) Defendants' Motion for Summary Judgment (Dkt. 55) is **GRANTED** and Plaintiff's claims against Dr. Dawson and Dr. Stander are **DISMISSED**.

DATED: July 14, 2016

_____
Edward J. Lodge
United States District Judge