UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID KARL LONN,<br><br>                     Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, DR. APRIL DAWSON, DR. DAVID AGLER, and DR. KLINT STANDER,<br><br>                     Defendants. | Case No. 1:14-cv-00031-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff's motions to compel and to extend deadlines, which contend Defendant Agler's discovery responses are inadequate and more time is required to conduct discovery. (Dkt. 75, 76.) Since the filing of Plaintiff's motions, Defendant Agler filed a motion for summary judgment. (Dkt. 78.)[1]

Plaintiff's motions are now ripe. Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record.

---

[1] The Court previously adopted the Court's report and recommendation granting summary judgment in favor of Defendants Stander and Dawson. In the Court's initial review order, the Court explained Plaintiff had not set forth a claim against Defendant Corizon Health, and was given the opportunity to amend his complaint. Although Plaintiff filed an amended complaint, Defendant Corizon was never served. Consequently, Defendant Agler is the only remaining defendant in this matter.

**MEMORANDUM DECISION AND ORDER  - 1**

Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. The Court issues the following order denying Plaintiff's motions.

## BACKGROUND

Plaintiff's amended complaint alleges violations of the Eighth Amendment to the United States Constitution based upon deliberate indifference to his serious medical needs. With regard to Defendant Agler, the only remaining claims against him that the Court allowed to proceed relate to Dr. Agler's care of Plaintiff rendered in November of 2012 and January of 2014. Specifically, Plaintiff alleges Dr. Agler was deliberately indifferent to his medical needs, claiming Dr. Agler discontinued all of pain medications in November 2012 and otherwise failed to provide him treatment for his osteoarthritis in his right hip in November 2012 and January 2014. (Dkt. 44, p. 6 and Dkt. 72, p. 3; Dkt. 64, p. 5.)

## DISPOSITION

1. **Discovery Standards**

    A. *Meet and Confer*

    Dr. Agler argues Plaintiff did not properly meet and confer before filing the motion to compel. Fed. R. Civ. P. 37(a)(1) requires a motion to compel to contain a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain the information without court intervention. The Court's local rules define "confer," which

**MEMORANDUM DECISION AND ORDER - 2**

means "to speak directly with opposing counsel or a self-represented litigant in person or by telephone, to identify and discuss disputed issues and to make a reasonable effort to resolve the disputed issues. The sending of an electronic or voice-mail communication does not satisfy the requirement to 'confer.'" Dist. Idaho L. Rule 37.1.[2]

Plaintiff's motion does not contain the required certification, and there is no indication Plaintiff attempted to meet and confer with opposing counsel, either by telephone or by any other means, prior to the filing of the motion to compel. On those grounds alone, the motion, and the accompanying motion to extend the discovery deadline, may be denied.

Nonetheless, given Plaintiff is filing this matter without the aid of counsel, the Court reviewed the merits of the motion.

B.  *Rule 26(b)(1)*

As amended effective December 1, 2015, Fed. R. Civ. P. 26(b)(1) provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

---

[2] Pro se prisoners may comply with this rule via written communication. At the time the complaint was filed, Plaintiff was incarcerated. However, as of July 2, 2015, Plaintiff was released, and therefore able to meet the requirements of the Court's local rule requiring an in person or telephone conference. (Dkt. 45.)

**MEMORANDUM DECISION AND ORDER  - 3**

"No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Dao v. Liberty Life Assurance Co. of Boston*, No. 14-cv-04749-SI , 2016 WL 796095, at *3 (N.D. Cal. Feb. 23, 2016) (quoting *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13–CV–04057–BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016)).

To prove his Eighth Amendment claim, Plaintiff must show Defendant Agler was deliberately indifferent to his serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference requires a a plaintiff to satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

As to the objective standard, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and

**MEMORANDUM DECISION AND ORDER - 4**

> worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that he or she "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

**C.**     *Analysis*

In the context of both the requirements of Rule 26 and the standards applicable to an Eighth Amendment claim, Plaintiff's discovery requests were either answered sufficiently by Defendant Agler, or are not relevant to Plaintiff's claims or Defendant's defenses and not proportional to the needs of the case.  Each will be discussed below.

Interrogatory No. 1 asks about Defendant's contact information and requests a copy of his curriculum vitae. Defendant disclosed his public mailing address, and provided a copy of his resume.

**MEMORANDUM DECISION AND ORDER  - 5**

Interrogatory No. 3 asks whether Defendant has testified in court in a medical malpractice, professional negligence, or civil rights violation case. Defendant answered that he had not given any live testimony in court in the last seven years. In the immediately preceding interrogatory, Defendant listed the names of all cases in which he had been named as a defendant. The Court concludes that, given the needs of this case, further discovery on this issue is not necessary to resolving whether Dr. Agler provided constitutionally inadequate medical care to Plaintiff during November 2012 and January 2014.

Interrogatory No. 4 asks whether Defendant's license to practice medicine has ever been suspended or whether disciplinary action has been taken, and Request for Production No. 5 asks for related documents. Subject to an objection, Defendant answered the interrogatory, disclosing that his medical license has never been suspended and all disciplinary action has been terminated. Dr. Agler indicated that such information is a matter of public knowledge, accessible via the internet, and he provided the internet address. The interrogatory has been sufficiently answered in light of the issues before the Court and further discovery on this matter would not be proportional to the needs of the case.

Interrogatory Nos. 6, 7, and 9 ask about the nature and terms of the employment agreement between Defendant and his employer. Although including an objection, Defendant sufficiently responded to the interrogatories, and provided a copy of the offer of employment he accepted with CCA; explained that he received a salary and was not offered incentives for cost containment; and provided the job descriptions of other

**MEMORANDUM DECISION AND ORDER - 6**

employees who worked in the unit. The Court concludes these interrogatories have been sufficiently answered in light of the issues before the Court.

Interrogatory No. 10 asks for the number of patients treated by various penal institutions. Defendant answered the interrogatory with respect to his employer, CCA, indicating he has no access to such information, yet providing an estimate of the number of patients he saw each day while he worked for CCA. The Court finds the interrogatory has been sufficiently answered in light of the issues before the Court.

Interrogatory No. 13 asks about persons with knowledge of the facts of this case, and who will be called as a witness at trial. Defendant did not sufficiently answer this interrogatory, claiming he has not yet determined who he would call as a witness at trial. Plaintiff has not explained why information beyond what was in the medical records would not be sufficient to supply him with the information as to his medical care and treatment, which is at issue in this case. However, to the extent he has not done so, Defendant must supplement this answer with the names of persons with knowledge of the facts of this case and provide that information to Plaintiff.

Interrogatory No. 14 asks whether Defendant or his employer carries insurance coverage, and requests the name and address of the surety company issuing the policy and a description of the coverage provided. Request for Production No. 2 asks for a copy of the policy. Defendant answered that he was covered directly by CCA, and now that he is no longer employed by CCA, he does not have access to a copy of any such policy that may exist. In light of the issues before the Court, the interrogatory has been sufficiently answered.

**MEMORANDUM DECISION AND ORDER - 7**

Interrogatory Nos. 15 and 16 ask Defendant to explain and set forth the facts upon which Defendant denied the claims asserted in the complaint, and upon which his affirmative defenses are based. Although an objection was asserted, Defendant provided a detailed explanation sufficient to answer the interrogatories.

Request for production Nos. 4 and 6 ask for copies of documents related to any meeting, conversation, or communication relied upon in answering the interrogatories, and copies of clinical practice guidelines or policies Defendant may have relied upon for evaluating and treating Plaintiff. Subject to an objection, Defendant answered both requests, indicating that no documents exist regarding any meetings or conversations relied upon to answer the interrogatories, and that he relied upon his own medical judgment and training to treat Plaintiff. The Court finds both responses sufficient.

Accordingly, the motion to compel will be denied. As Plaintiff did not provide any reason other than the insufficiency of the responses to interrogatories and requests for production to support his motion to extend the discovery deadline, that motion will be denied as well.

**MEMORANDUM DECISION AND ORDER - 8**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Compel (Dkt. 75) is **DENIED**, with the exception that Defendant must supplement his answer to Interrogatory 13.

2) Plaintiff's Motion to Extend Pretrial Schedule (Dkt. 76) is **DENIED**.

DATED: October 27, 2016

_____
Honorable Candy W. Dale
United States Magistrate Judge