UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID KARL LONN,<br><br>        Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, DR. APRIL DAWSON, DR. DAVID AGLER, and DR. KLINT STANDER,<br><br>        Defendants. | Case No. 1:14-cv-00031-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

# INTRODUCTION

On May 19, 2017, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") recommending that Defendant Dr. David Agler's Motion for Summary Judgment be granted. (Dkt. 88.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part,

the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No written objections have been filed and the time for doing so has passed.[1] The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties).

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

---

[1] The Court granted Mr. Lonn's request for an extension of time in which to file his objections until July 5, 2017. (Dkt. 89-91.) No objections were filed within that time period.

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found.

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 88.) Plaintiff David Lonn filed a Complaint against Corizon Health Services ("Corizon"), Dr. April Dawson, Dr. David Agler, and Dr. Klint Stander alleging state law claims of negligence against the Defendants, as well as violations of the Eighth Amendment to the United States Constitution based upon deliberate indifference to his serious medical needs. (Dkt. 3.) The claims relate to Plaintiff's allegations that Defendants' conservative treatment plans caused him to suffer from prolonged pain in his right hip. *Id.* Plaintiff supports his claim by asserting that a prior hip replacement alleviated pain in his other hip. (Dkt. 86.) The Court previously entered an Order adopting Judge Dale's May 24, 2016 Report recommending that Defendants Dr. Stander and Dr. Dawson's Motion for Summary Judgment be granted.

(Dkt. 72, 74.)[2] The Court now takes up the May 19, 2017 Report recommending Dr. Agler's Motion for Summary Judgment be granted. (Dkt. 78, 88.)

The Report accurately summarizes Mr. Lonn's arguments and claims against Dr. Agler as well as the materials and records of the care Dr. Agler provided. (Dkt. 88.) Having done so, the Report concludes that Mr. Lonn has failed to present evidence of a genuine issue of material fact regarding his claims that Dr. Agler's treatment constituted deliberate indifference and recommends that summary judgment be granted. (Dkt. 88 at 12.) This Court has reviewed the original briefing of the parties, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

---

[2] The Court's Initial Review Order dismissed the claims against Corizon but allowed Mr. Lonn to amend the Complaint to provide further facts meeting the legal standard required for him to assert his claims against Corizon. (Dkt. 7 at 7-8.) Mr. Lonn filed an Amended Complaint which names Corizon and re-alleges that Corizon deprived him of adequate medical care; created undue and unreasonable pain to him; was deliberately indifferent to his need for medical care in violation of the Eight Amendment; and failed to reprimand, correct, and/or take steps to ensure its employees provided the requisite care. (Dkt. 64 at 3-4.) This Court has reviewed the claim against Corizon in the Amended Complaint and finds that it again fails on its merits for the same reasons stated in the Initial Review Order; i.e., there is no allegation or facts plead that Corizon had a policy or custom of medical indifference separate and apart from the medical decisions of the individual medical providers. (Dkt. 7 at 7.) The claims against Corizon are also dismissed for lack of service because the Amended Complaint was never served upon Corizon. Fed. R. Civ. P. 4(m).

Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report that Defendant's Motion for Summary Judgment should be granted. (Dkt. 78, 88.) Moreover, the Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, and analysis. For these reasons and those stated in the Report, the Court will adopt the Report and grant the Defendant's Motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) The Report and Recommendation entered on May 19, 2017 (Dkt. 88) is **ADOPTED IN ITS ENTIRETY**.

2) Defendant's Motion for Summary Judgment (Dkt. 78) is **GRANTED** and Plaintiff's claims against Defendant Dr. Agler are **DISMISSED**.

3) The Claims against Corizon Health Services are **DISMISSED**.

4) The Clerk of the Court is directed to **CLOSE THE CASE** as all claims against all Defendants have now been dismissed.

DATED: July 6, 2017

Edward J. Lodge
United States District Judge